IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAFAEL MELENDREZ                                                                                    PETITIONER

v.                          Criminal No. 21-CR-50047-001 TLB

UNITED STATES                                                                                       RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Petitioner Rafael Melendrez ("Melendrez") who is in the custody of the Bureau of Prisons following his sentencing by U.S. District Judge Timothy L. Books on April 6, 2022.  (ECF Nos. 1, 33, 34).  The Motion (ECF No. 46) filed on December 12, 2023, was referred to the undersigned for consideration.  The United States was directed to respond and did so on February 14, 2024. (ECF No. 49).  For the reasons set forth below, the Court recommends dismissal of the § 2255 Motion.

### I.   BACKGROUND

Melendrez was named in a three-count indictment on July 28, 2021 (ECF No. 1) and was arraigned on August 16, 2021. (ECF No. 9).  Joe Alfaro, Assistant Federal Public Defender, was appointed to represent Melendrez. (ECF No. 11).  On December 9, 2021, Melendrez appeared before the undersigned and pled guilty to Count Three of the Indictment which charged him with possession of a firearm in the furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF Nos. 19-22). Melendrez's plea exposed him to a mandatory minimum sentence of 60 months; however, at sentencing on April 6, 2022, Judge Brooks determined that an

1

upward variance was warranted and sentenced Melendrez to 100 months imprisonment, 5 years of supervised release, a $500 fine, and a $100 special assessment, noting the probability of Melendrez's deportation as an additional potential consequence. (ECF Nos. 33-35). Melendrez appealed to the Court of Appeals for the Eighth Circuit and on August 29, 2022, Melendrez' sentence was affirmed. (ECF No. 45-1).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255.  The writ of habeas corpus has been recognized as "an integral part of our common-law heritage."  *Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973).  A writ of habeas corpus provides a remedy for prisoners who challenge the "fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Otey v. Hopkins,* 5 F.3d 1125, 1130 (8th Cir. 1993).  "However, habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy."  *Id.* (cleaned up). Several restrictions to the right for habeas review exist, including the one-year statute of limitations set forth in 28 U.S.C. § 2255(f).

## III. DISCUSSION

### A. Timeliness

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255(f) and begins to run from the <u>latest</u> of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant

2

was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]." *United States v. Johnson*, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the court of appeals' judgment. *Clay,* 537 U.S. at 525.

Because Melendrez did not seek a writ of certiorari with the Supreme Court, Melendrez' judgment of conviction became final 90 days after the Eighth Circuit issued its opinion on August 29, 2022 – i.e., on November 27, 2022. *See Clay v. United States,* 537 U.S. at 525. The § 2255(f)(1) calculation thus indicates Melendrez had one year, or until Monday, November 27, 2023, to timely file his Motion. Because Melendrez' Motion was not signed and placed into the prison mailing system until December 12, 2023.[1], the undersigned turns to a consideration of whether Sections 2255(f)(2)-(4) operate to Melendrez' benefit by extending the filing deadline to a date <u>later</u> than November 27, 2023.

Saying only that his "Motion is timely," (ECF No. 46, p.10), Melendrez has not claimed

---

1 *See Moore v. United States,* 173 F. 3d 1131, 1135 (8th Cir. 1999), citing *Houston v. Lack*, 487 U.S. 266, 270 (1988); Fed. R. App. P. 25(a)(2)(C) (applying prison mailbox rule to § 2255 motions).

that any unconstitutional governmental action impeded him from petitioning the Court and because no such impediment is apparent, no consideration of § 2255(f)(2) is necessary. Similarly, Melendrez' pleading does not identify any new right recognized by the Supreme Court which would act to toll the limitations period under § 2255(f)(3). And finally, Melendrez has not alleged the discovery of any new facts supporting his claims. To the contrary, all four grounds for relief articulated by Melendrez in his Motion are premised upon allegations that his counsel was ineffective at different stages of his criminal case, about which Melendrez knew at the time of his judgment, and thus, § 2255(f)(4) cannot act to save Melendrez' untimely Motion.

### B. Actual Innocence

In *McQuiggin v. Perkins,* 569 U.S. 383, 391-99 (2012), the Supreme Court recognized, in the context of a criminal conviction, a "miscarriage of justice" or "actual innocence" exception to the 1-year statute of limitations set forth in 28 U.S.C. § 2244. The Court stated that "[a]cutal innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* at 385. It noted that "tenable actual-innocence gateway pleas are rare" and require new evidence that "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [the petitioner] guilty." *Id.* New evidence means evidence that was "not available at trial and could not have been discovered earlier through the exercise of due diligence." *Osborne v. Purkett,* 411 F.3d 911, 920 (8th Cir. 2005) (cleaned up). The new evidence must be "so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin,* 569 U.S. at 401 (cleaned up). The Eighth Circuit, in *Lofton v. United States,* 920 F.3d 572 (8th Cir. 2019), confirmed that *McQuiggin* is applicable to non-capital cases as had been recognized in *Jones v. Arkansas*, 929 F.2d 375 (8th Cir. 1991). *See United States v. Bugh,* 459 F.Supp.3d 1184, 1194

(D. Minn. 2020).

As noted earlier, Melendrez posits that his Motion is timely. Melendrez does not make an innocence argument and does not allege the existence of any new evidence supportive of his actual innocence. Thus, the *McQuiggin* exception does not save Melendrez' untimely Motion.

C.  **Equitable Tolling**

While Melendrez has not asserted the doctrine of equitable tolling, the undersigned observes that it is only applicable in two instances: "(1) if there are extraordinary circumstances beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff and not attributable to his actions.'" *Id.* at 858 (citing *Maghee v. Ault,* 410 F.3d 473, 476 (8th Cir. 2005)) (additional citations omitted). Further, a petitioner must also demonstrate that he acted with due diligence in pursuing his habeas petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006). The Eighth Circuit has consistently held that "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Sellers v. Burt,* 168 F. App'x 132, 133 (8th Cir. 2006) (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)); *see United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard."). The burden is on Melendrez to demonstrate circumstances exist which would justify equitable tolling. *Id.* Not only has Melendrez failed to assert equitable tolling, but there is also no indication that equitable tolling would apply or provide Melendrez any "window of relief" for his untimely filing. *Maghee,* 410 F.3d at 476.

For these reasons, the Court recommends that Melendrez' § 2255 Motion be dismissed as untimely. Despite this recommendation of dismissal, the undersigned believes it both efficient and advisable to address the merits of Melendrez' § 2255 claims.

### D. Ineffective Assistance of Counsel

Melendrez' contends that his former counsel, Joe Alfaro, provided ineffective assistance of counsel by failing to show discovery to him and by failing to "consult, apprise, inform or effectively advise Melendrez about the "actual situation;" by failing to explain and discuss the decision whether to plead guilty or proceed to trial; by failing to explain the charges and the elements needed to be proven and thus, forcing Melendrez to unwillingly, unknowingly, unintelligently and involuntarily plead guilty; and by failing to communicate and leaving Melendrez "in the blind" during his direct appeal. (ECF No. 46, pp. 4-8).

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Melendrez must prove two elements. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. When evaluating performance, "judicial scrutiny. . . must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Melendrez "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Melendrez' right to effective assistance of counsel "includes representation during the plea-bargaining process."

6

*Mayfield v. United States,* 955 F.3d 707, 712 (8th Cir. 2020) (citing *Missouri v. Frye,* 566 U.S. 134, 143-47 (2012)). The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). The undersigned need not address both *Strickland* components if Melendrez makes an insufficient showing on either of the prongs. *Engelen v. United States,* 68 F.3d 238, 241 (8th Cir. 1995).

The government contends that a long line of cases, to include *Tollett v. Henderson,* 411 U.S. 258 (1973) and *Bass v. United States,* 739 F.2d 405 (8th Cir. 1984), foreclose Melendrez' challenge to any alleged deficiencies occurring prior to entry of his guilty plea. While the Court does not disagree, a discussion of the record in this matter is instructive.

Here, Melendrez has alleged counsel failed to review the evidence with him, concluding that had counsel shown him the discovery, Melendrez would have "insisted on going to trial" or "would have sought the most favorable plea deal available." (ECF No. 46, p. 4). Melendrez says that counsel "omitted vital information" without describing what that information might be. (ECF No. 46, p. 4). While the Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel," *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994), Melendrez has not suggested that *counsel* failed to obtain or review discovery, failed to uncover exculpatory evidence, or failed to discuss the discovery when advising Melendrez about his case – Melendrez' complaint is centered upon his lack of an opportunity to review the discovery. Additionally, Melendrez' vague suggestion that counsel also failed to "argue for the benefit of any new rules or laws" lacks both specificity and merit. Melendrez must, but has not, illustrated that counsel's conduct was outside "the range of competence demanded of attorneys in criminal cases.". *Hill v. Lockhart,* 474 U.S. 52, 56-59 (1985) (citations omitted).

Assuming for this analysis that Melendrez' allegations are true, he has not established that counsel's conduct was prejudicial to his case. Melendrez has not illustrated how the outcome of his case would have differed had counsel reviewed each of the Government's disclosures with Melendrez as opposed to counsel reviewing and evaluating the discovery as a qualified and skilled trial attorney. Similarly, it has not been shown there is a reasonable probability that, but for counsel's alleged discovery review failures, Melendrez would have rationally rejected a plea offer and insisted on going to trial. *See United States v. Monson,* 2023 WL 8809809, *4 (D. Minn. December 20, 2023) (citations omitted). Melendrez' suggestion implies – without credibility – that the discovery he did not see was exculpatory, that Melendrez' counsel failed entirely to discuss this exculpatory evidence with him, and that exculpatory discovery would have compelled Melendrez to trial. The Court is not persuaded.

Neither has Melendrez illustrated how his personal review of the discovery would have affected his admission of the facts supporting his guilty plea, leading the undersigned to conclude that Melendrez' representations about insisting on a jury trial are merely self-serving. There is no suggestion that the plea deal Melendrez accepted was something other than the "most favorable plea deal available." Applying *Strickland*, Melendrez cannot (and has not) shown that there is a "reasonable probability that, but for counsel's alleged failure [to show him the discovery] the result of the proceeding would have been different." *Toledo v. United States,* 581 F.3d 678, 680 (8th Cir. 2009). Even more importantly, Melendrez' silence at the change of plea hearing – not mentioning that counsel failed to investigate the case fully and fairly, or that counsel failed to review discovery or failed to answer Melendrez' questions about the discovery, or that counsel failed to discuss how the discovery affected the case before advising Melendrez to plead guilty – "refutes any claim of ineffective assistance of counsel." *United States v. Hughes,* 16 F.3d 949, 951 (8th Cir. 1994).

8

The undersigned similarly rejects Melendrez' description of his plea as unwilling, unknowing, unintelligent, and involuntary. A plea is intelligently made where the petitioner "was advised by competent counsel, [he] was made aware of the nature of the charge against [him], and there was nothing to indicate that [he] was incompetent or otherwise not in control of [his] mental faculties." *Brady v. United States,* 397 U.S. 742, 756 (1970).  After lengthy questioning prior to Melendrez changing his plea to guilty on Count Three, and consideration of his under-oath-answers, the undersigned found that Melendrez was competent to enter a guilty plea and had done so willingly after full consultation and review and consideration of the plea agreement with his counsel.  (ECF No. 43, pp. 17-18).  The plea agreement (ECF No. 20) signed by Melendrez explained in detail the charge – possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 US.C. § 924(c)(1)(A) – to which he was agreeing to plead guilty, the penalties associated with Count Three, and the rights Melendrez was forfeiting.  And notwithstanding any advice provided to (or withheld from) Melendrez by his counsel prior to the entry of his guilty plea, the undersigned again advised Melendrez of the charges against him, the penalties he faced if he pled guilty to Count Three, and the consequences of pleading guilty, including the surrender of several constitutionally protected rights and possible deportation – all prior to proceeding with the change of plea. (ECF No. 43, pp. 6-10). The factual basis for the plea was read from the Plea Agreement and into the record, and Melendrez admitted each of the facts were true and accurate. (ECF No. 43, pp. 14-16).   As is customary during a change of plea hearing, Melendrez was asked if his plea was the result of a voluntary and knowing decision, and asked whether anyone had threatened him or someone he loved with harm if he did not plead guilty. (ECF No. 43, pp. 10-11). Melendrez gave the Court absolutely no indication that he was uninformed or proceeding involuntarily, and he advised the Court that he and Mr. Alfaro had reviewed the plea agreement;

that Mr. Alfaro had answered his questions about the charges and the plea agreement; and that he was fully satisfied with his counsel. (ECF No. 43, pp. 6, 11).

Representations to the court during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Bramlett v. Lockhart,* 876 F.2d 644, 648 (8th Cir. 1989) (citing *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73(1977))). "Courts should not upset a guilty plea simply because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States,* 929 F.3d 1041, 1045 (8th Cir. 2019) (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). Rather, "[j]udges should ... look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* (citing *Lee*, 582 U.S. 369). The record here supports that Melendrez' plea was knowing and voluntary, intelligent, and unwavering.

Finally, Melendrez suggests that counsel's failure to communicate with him during the direct appeal process left him "in the blind." An *Anders* brief was filed challenging the substantive reasonableness of Melendrez' sentence; applying the deferential abuse-of- discretion standard, the Eighth Circuit affirmed Judge Brooks' sentencing decision. Melendrez has not identified that the *Anders* brief omitted any meritorious appellate issues in this case. *Steward v. Gilmore,* 80 F.3d 1205, 1213 (7th Cir. 1996). The Court finds Melendrez' argument concerning his appeal lacking in merit.

For these reasons, even had Melendrez timely filed this Motion, it does not satisfy *Strickland v. Washington*, 466 U.S. 668, 686 (1984) and would be subject to dismissal.

### E. Hearing

A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless "'the

motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008), quoting *United States v. Ledezma–Rodriguez*, 423 F.3d 830, 835–36 (8th Cir. 2005) (cleaned up). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (internal quotation omitted). Here, Melendrez' Motion is inadequate on its face <u>and</u> the record affirmatively refutes his factual assertions.

F.  **Certificate of Appealability**

As Melendrez has not made a substantial showing of the denial of a federal constitutional right, the undersigned will not recommend issuance of a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings); *see also Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (cleaned up).

IV.  **CONCLUSION**

For the reasons and upon the authorities discussed above, it is recommended that Melendrez' Motion under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody (ECF No. 46) be **DISMISSED WITHOUT PREJUDICE,** without a hearing and without issuance of a certificate of appealability.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

RECOMMENDED this 7th day of March 2024.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE