RAFAEL MELENDREZ
Reg. No. 59524-509
FCI Memphis
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 34550
MEMPHIS, TN 38184

FILED
United States District Court
Western District of Arkansas
September 13 2024
Office of the Clerk

## U.S. DISTRICT COURT
### Western District of Arkansas (Fayetteville)

| | |
|---|---|
| RAFAEL MELENDREZ, | Cs. No. **5:21-cr-50047-TLB-1** |
| Petitioner, | **CONSOLIDATED MOTION:** |
| Vs. | **MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2) and USSG 1B1.10, et al.,** |
| UNITED STATES OF AMERICA, | **(Pursuant to Amendment 821 – Downward Adjustment for Certain/Eligible Zero-Point Offenders) AND MOTION FOR APPOINTMENT OF COUNSEL** |
| Plaintiff. | |

**COMES NOW**, the Petitioner, a pauper in Federal Custody, acting pro se, and respectfully moves this honorable Court with his MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2), **and USSG 1B1.10,** et al., (Pursuant to Amendment 821 – Downward Adjustment for Certain/Eligible Zero-Point Offenders), and Order Granting the appointment of Counsel for Amendment 821 specific purposes.

### PRO SE CAPACITY

Petitioner respectfully requests this honorable Court liberally construe and hold Petitioner's motion to a standard "less stringent than those crafted by attorneys" Haynes v. Kerner, 404 U.S. 519, 520 (S. Ct. 1972); See also, Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1991).

# DISCUSSION ON RETROACTIVE AMENDMENT 821

On April 27th, 2023, the United States Sentencing Commission (U.S.S.C.) submitted a series of Guideline Amendments to Congress for consideration. If Congress does not act to Veto the Amendment, which there is no historical record of a prior Veto by Congress to a unanimously-voted Amendment presented by the U.S.S.C., they will become effective on November 1, 2023.

### Amendment 821 Two-Level Decrease for Zero Point Offenders

Amendment 821 introduces a new guideline in Chapter Four at §4C1.1 titled "Adjustment for Certain Zero-Point Offenders." This guideline offers a two-level decrease from the offense level determined under Chapters Two and Three. It's applicable to defendants who:

- Didn't receive any criminal history points and
- Whose immediate offense didn't involve certain aggravating factors.

Most white-collar defendants have no criminal history, so this amendment could lead to reduced sentences for many white-collar crimes. It is also expected to impact a large number of lower-level drug offenses.

### Who cannot benefit from Amendment 821's Two-Level Reduction for Zero Point Offenders?

An individual cannot benefit from Amendment 821 if they:

- Had **any** prior criminal history points;
- Used violence or credible threats of violence in connection with the offense;
- Caused death or serious bodily injury because of the offense;
- Committed a sex offense;
- Personally **caused substantial financial hardship**;
- Received a terrorism adjustment under § 3A1.4;

- **Possessed**, received, purchased, transported, transferred, sold, or disposed of **a firearm or other dangerous weapon** (or induced another person to) in connection with the offense;
- Committed a civil rights offense covered under § 2H1.1 (Offenses Involving Individual Rights);
- Committed a hate crime;
- Received an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim), § 3A1.5 (Serious Human Rights Offense), or § 3B1.1 (Aggravating Role); or
- Engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

### Who Qualifies for the Status Point Adjustment?

This applies to individuals whose sentences included status points, which is an increase in sentencing because at the time of the offense they were serving some other sentence, such as probation or parole.

### Changes to the Application of Status Points under 4C1.1

The 2023 amendment aims to limit the impact of these "status points". The changes are as follows:

- The "status points" provision will now only apply to offenders with more severe criminal histories under the guidelines.
- **Offenders with less severe criminal histories, specifically those with six or fewer criminal history points, will no longer receive "status points"**, even if their current offense was committed while they were under a criminal justice sentence.
- For offenders who are under a criminal justice sentence and have **seven or more criminal history points, they will now be assessed only one additional criminal point, as opposed to the previous two points.**

### New Commentary in 5C1.1 for Zero Point Offenders

Although most federal cases are resolved through a prison sentence, defendants, this amendment also comes with a presumption against prison time for qualifying defendants. This presumption is found in the commentary to U.S.S.G. § 5C1.1

It provides the presumption against imprisonment for defendants who

1. Receive the Zero-Point Offender Adjustment AND
2. Has a recommended guideline range within Zones A or B.

**A defendant may even be able to qualify outside of Zones A and B, if**
1. They receive the Zero-Point Offender Adjustment AND
2. The applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense.

Zero-point inmates must meet all of the conditions listed in new USSC 4C1.1: (1) no USSG 3A1.4 terrorism adjustment; (2) no violence or threats of violence; (3) no one got hurt; (4) no sex offense; (5) the defendant did not personally cause "substantial financial hardship" (defined in USSG 2B1.1, Note 4(F)); (6) no gun in in the offense; (7) the offense did not involve individual rights under Sec 2H1.1; (8) no USSG 3A1.1 adjustment for a hate crime or vulnerable victim or USSG 3A1.5 for serious human rights offense; and (9) no adjustment under USSG 3B1.1 for role in the offense and offense was not a 21 USC 848 CCE.

In addition, **1B1.10 Commentary Application Notes (1)(B)(iii) calls for review of post sentencing conduct**. Petitioner has actively participated in and completed multiple evidence-based recidivism reduction programs and BOP assigned courses, which have positively impacted Petitioner's rehabilitation efforts. Furthermore, as indicated in the risk and needs assessment (PATTERN) Report – which analyzes a prisoner's likelihood of recidivating – Petitioner is currently categorized as a low recidivism level. Also and not importance, Petitioner has been incarcerated during the COVID-19 pandemic locked down in solitary confinement, which been unusually harsh and inhumane and demoralizing (which is a 18 USC Section 3553(2) factor).

## ARGUMENT
## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has been attempting to obtain his case documents in order, however, his incarcerated status makes it difficult to obtain his original judgment, plea agreement, sentencing transcripts, etc. Petitioner at this time is unable to properly brief and calculate Petitioner's new guideline range based under Amendment 821.

Petitioner, acting pro se, drafted his Motion under Amendment 821, however, in the abundance of caution, Petitioner is unable to explain how Petitioner's criminal history points and guideline range would be different under Amendment 821 because of the lack of proper documentation and professional assistance. Petitioner requests assistance to obtain his documentation. Petitioner will be able to provide this honorable Court with a detailed explanation on how Petitioner's criminal history points and guideline range would be different under Amendment 821.

Petitioner does not have an attorney. Petitioner respectfully requests an attorney be appointed to help Petitioner in properly briefing the application of Amendment 821, and obtain the documents and evidence surrounding housing, Family, Employment and necessary information and medical documents.

For this reason, Petitioner respectfully submitted additional motions related to this motion, and a request for counsel.

August 26, 2024   Signature *Rafael Melendrey*
           RAFAEL MELENDREZ
           Reg. No. 59524-509
           FCI Memphis
           FEDERAL CORRECTIONAL INSTITUTION
           P.O. BOX 34550
           MEMPHIS, TN 38184

Rafael Melendrez
Reg. No. 59524-509
FCI Memphis
Federal Correctional Institution
P.O. Box 34550
Memphis, TN 38184

Received WD/AR
SEP 13 2024
U.S. Clerk's Office

United States District Court
Western District of Arkansa
35 East Mountain Street
Fayettvill, AR 72701

7270185315 C005